# FLETCHER, Adm'r, *vs.* GROVER.

The doctrine of contribution is not founded on contract, but is the result of general equity, on the ground of equality of burthen and benefit, and is equally so among principals as among sureties.

It would seem that a discharge of one surety, discharges the other sureties for such proportion only of the debt, as, upon a payment of the whole debt, they would be entitled to have recourse to him for.

When joint promissors, or co-sureties, have received equal benefits, or been relieved from common burthens, neither is entitled to recover over against another, except for the excess paid by him, beyond his due proportion, or equal share.

Neither the administrators, nor the creditors of deceased persons, are entitled to derive greater or other benefits from their contracts, or the equitable relations which they may have held while living with other persons, than the deceased would be entitled to, if still living.

A and G purchased a tract of land, and for a part of the purchase money gave their joint note to the seller, and for the amount of the remainder of the purchase money they gave their joint note to the N. H. Savings Bank, and executed a mortgage of said land to the seller, and another to said bank, to secure to each the notes given to them respectively. A died, and upon the representation of the insolvency of his estate, and the appointment of a commissioner to allow and adjust the claims of creditors against the same, the said notes were presented and allowed, amounting to $2·996. And afterwards a dividend of $314·82 was decreed upon the sum so allowed, and ordered to be paid, and was paid by the plaintiff accordingly, and the plaintiff, as the administrator of A, brought his action, to recover of G contribution, to the amount of one half of the dividend paid.

*Held,* that the plaintiff was not entitled to recover, inasmuch as the sum paid was less than a moiety of the whole sum due upon the notes, and for which the defendant and intestate were jointly liable.

ASSUMPSIT, for money paid, laid out and expended.

This cause came before this court upon the following agreed statement of facts: In 1835, or 1836, the defendant and William Abbot purchased a house and land of John J. Ayer, in Concord, and took a conveyance of it. They mortgaged the house and land to Ayer, to secure the payment of their joint note for $800, given to Ayer for a part of the price of the land purchased, and also mortgaged the same to the N. H. Savings Bank, to secure the payment of their joint note for $2000, for money by them had of said Savings Bank, and by them paid to Ayer.

Abbot died; his estate was administered by the plaintiff, and represented insolvent. The notes given to Ayer and the Savings Bank were presented to the commissioner on Abbot's estate, and by him allowed; the former amounting to $916, and the latter to $2080, and on those notes, thus presented and allowed, the judge of probate, by decree, or-

dered certain dividends to be paid, viz. ; on the note to Ayer, $96·25, and on that to the Savings Bank, $21S·57, which sums having been afterward paid by the plaintiff, this suit was brought to recover contribution of Grover, to the extent of one half of the several sums thus paid, and interest from the time of the payment.

The balance of the note to Ayer, and of the note to the Savings Bank, still remains due, and Grover liable therefor.

It was agreed, that if, upon the foregoing statement of facts, the court should be of opinion that the plaintiff was entitled to recover, judgment should be rendered in his favor, for the sum claimed and his costs ; otherwise, that judgment should be rendered for the defendant, for his costs.

*Pierce & Fowler,* for the defendant.  The principle for which we contend in this case is, that, in order that one of two joint debtors should be entitled to contribution against the other, he must either have paid the whole of the joint debt, thereby relieving the other from all liability, or at least he must have paid more than his aliquot proportion of the debt.

This view of the case has its foundation in the clearest principles of natural justice, and is fully sustained by the authorities, all of which maintain the position, that in order to sustain the action, the plaintiff must have liquidated a debt which the defendant was in good conscience bound to pay, in part at least.  *Chitty on Contracts* 471 ; 1 *Hill's Chancery* 260 ; *Coulon* vs. *Green,* 2 *Caines' R.* 153 ; *Owens* vs. *Collinson,* 3 *Gill & Johnson* 25 ; 1 *Story's Comm. on Eq.* 482.

The plaintiff claims to recover in this action, upon the ground that he has paid the sum claimed for the use of the defendant.  The agreement of the parties, however, shows no such fact.  In truth, he has paid only a small portion of the proper debt of the intestate, while the defendant still remains liable for the residue of his share.

Fletcher v. Grover.

The plaintiff has paid no part of the just debt of the defendant.  He is not, therefore, entitled to recover in this action.

*Fletcher, pro se.*  What the plaintiff has paid, and now claims to recover in this action, he was obliged and compelled to pay.  The payment was not voluntary, and it was made out of the assets belonging to the estate of the intestate.

In behalf of the creditors of the estate, the plaintiff is entitled to receive, at the hands of the defendant, one half of the sum he was thus compelled to pay.  The plaintiff has not sufficient assets of the estate to enable him to redeem the land from the mortgage, and by that means to avail himself of any value which the land may possess beyond the sum remaining due upon the mortgage.  If, then, the plaintiff is not entitled to recover, and does not succeed in recovering, one half of the money paid, the payment will result, to the extent of that half, in a clear loss to the creditors of the intestate.  And the plaintiff contends, that in behalf of the creditors of the estate, under the circumstances of this case, he is entitled to recover what he now claims, whether the intestate, if living, would have the same right or not.

Woods, J.  This is an attempt, by the representative of one joint debtor, to recover of another joint debtor a sum of money, which he alleges he has been compelled to pay, and has paid, for that other ; claiming a right, under the circumstances of the case, to recover a moiety of the sums by him paid, as found by the case, on account of the joint liability of the intestate and defendant.

It appears from the case, that the intestate and the defendant were joint debtors, in two several sums, amounting in the whole to the sum of $2·996, which sums were allowed by the commissioner of insolvency, against the estate of Abbot, the intestate ; and, upon the decree of a dividend by the judge

of probate among the creditors of the estate, the plaintiff was ordered to pay, and did pay, on said allowances, the sum of $314·82, and to recover one half of that sum this suit was brought.

And the question that arises upon the case is, whether the plaintiff is entitled to such recovery, it appearing that the plaintiff, out of the assets of the estate of the intestate, has paid less than one half of the amount of the joint debt of the intestate and defendant. It is a question of contribution among joint promissors.

The doctrine of contribution is the result of general equity, on the ground of equality of burthen and benefit; and is equally so among principals, as among sureties. 1 *Maddock's Chancery* 235–6, *and note,* (2.)

In the opinion, in *Campbell* vs. *Mesier,* 4 *Johns. Ch. R.* 334, that most learned and profound jurist, Mr. Chancellor Kent, has discussed the doctrine of contribution, in its great variety of application, with his accustomed accuracy and ability; and affirms that it is " founded not on contract, but on the principle, that equality of burden as to a common right is equity ;" that " contribution depends rather upon a principle of equity, than upon contract ;" and, that " the obligation arises, not from agreement, but from the nature of the relation, or *quasi ex contractu.*"

Mr. Justice Story, in his Commentaries on Equity, (*Story's Com. on Eq.* 471–2) in treating of the doctrine of contribution among sureties, says, " In cases of this sort, the surety who has paid the whole is entitled to receive contribution from all the others, for what he has done in relieving them from a common burthen ; as all are equally bound and are equally relieved, it seems but just that in such case all should contribute in proportion towards the benefit obtained by all."

In Exparte Gifford, (6 *Vesey* 805,) Lord Eldon held, that a discharge of one surety did not discharge the other sureties ; and that, as each surety was bound to contribute his share

towards the general payment, no one could recover over against another who had been discharged, unless for the excess paid by him beyond his due proportion. The creditor might, therefore, accept a composition from one surety, and still proceed against another to recover his full proportion of the original debt, without deducting the composition paid, if it did not exceed the proportion for which the surety was originally liable.

In *Stirling* vs. *Forrester*, 3 *Bligh's R.* 591, Lord Redesdale said ; "if the creditor discharges one of the co-parceners, he cannot proceed for the whole debt against the others ; at most, they are only bound for their proportion."

And Mr. Justice Story, referring to the doctrine of the case of *Stirling* vs. *Forrester*, says : "the same principle would apply to co-sureties." 1 *Story's Com. on Eq.* 477–8, *note* 3.

And in the same note that learned judge most distinctly asserts and maintains the accuracy and soundness of the doctrine of the case of Exparte Gifford.

Pothier also, (*Poth. on Oblig. n.* 521) maintains the doctrine that a discharge of one surety discharges the other sureties for such proportion of the debt only, as, upon payment of the whole debt, they could have had recourse to him for.

In *Batchelder* vs. *Fisk*, 17 *Mass. R.* 464, it was held that in the case of an assignment of property from the principal to a surety, for the purpose of indemnifying him in part, such assignment will enure to the benefit of all the sureties, and that a plaintiff who has received money from such a fund can only recover from his co-sureties their just proportions, or aliquot parts, of the sum he may have paid beyond the sum so received from the property assigned.

The general doctrine deducible from, and the general position to be laid down, based upon and sustained by the well established authorities on this subject, would seem to be, that where joint promissors, or co-sureties, have received equal benefits, or been relieved from common burthens, neither

shall recover over against another, unless for the excess paid by him beyond his due proportion, or equal share.

It appears from this case, that the intestate and the defendant each received an equal interest and benefit in the land purchased of Ayer, and that in that purchase the debt was contracted, in part discharge of which the sum was paid, of which to recover an aliquot part this action was instituted. Upon the authorities, then, by reason of the equality of benefit received, the intestate became liable in law and equity to pay one half of the debt incurred in the purchase. The equality of benefit imposed on the intestate the duty of sustaining an equality of burthen. And in thus paying the one half of the debt contracted in the purchase, he would pay for nothing more that the one undivided half of the land purchased of Ayer; for nothing, in fact, beyond the land which he purchased, and which was conveyed to himself by Ayer's deed.

It further appears by the case, that the plaintiff from the assets of the estate has paid about one tenth part of the sum contracted to have been paid by the intestate and the defendant, instead of the one half thereof which the intestate was, upon every principle of equity, and by law, bound to pay.

Upon what principle, therefore, either of reason, justice or law, can the plaintiff claim to recover of the defendant for money paid by him as administrator upon the estate of the intestate for the use of the defendant?

If a recovery be had, it must be on the ground of an implied promise arising upon the equity of the case, to pay money which the plaintiff has been by law compelled to pay for and on account of the defendant.

The facts, however, as we have seen, show no such payment for the benefit of the defendant, of any such sum of money which the defendant ought to pay, as between himself and the intestate. They in fact show only a partial payment of the proper debt of Abbot, the intestate, and a continuing liability of Grover, to pay the balance of the half

of the debt which Abbot was bound, and if alive ought to pay, for and on his own account, as well as his own proper share.

But it is contended that the creditors of the estate of Abbot have a right to recover, through the plaintiff as their trustee, although Abbot himself might not be entitled to recover if he were living, and had made the payment which has been made by the plaintiff. We, however, are not aware of any principle upon which it can reasonably be held, that the administrators of deceased persons, or their creditors, can derive greater or other benefits from their contracts with, or the equitable relations in which they may have stood while living, to other persons, than the deceased would be entitled to, if still living.

Upon the whole, the court are clearly of the opinion, that there is no ground upon which the plaintiff can maintain this action.

According to the agreement of the parties, therefore, there must be

*Judgment for the defendant for his costs.*